# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

Appeal No. 25-12510-EE

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RESHAY NELSON,

Defendant-Appellant.

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

## UNOPPOSED MOTION TO STAY BRIEFING SCHEDULE PENDING THE MANDATE IN
### *UNITED STATES v. GILBERT*, No. 20-12010

A. Fitzgerald Hall, Esq.
Acting Federal Defender
Middle District of Florida

M. Allison Guagliardo, Esq.
Florida Bar No. 0800031
Assistant Federal Defender
400 N. Tampa St., Suite 2700
Tampa, Florida 33602
Telephone:  (813) 228-2715
E-Mail: allison_guagliardo@fd.org
Counsel for Appellant

*United States of America v. Reshay Nelson*

**CERTIFICATE OF INTERESTED PERSONS**

The persons listed below are interested in the outcome of this case:

Adams, The Honorable Natalie H.

Barber, The Honorable Thomas P.

Guagliardo, M. Allison

Hall, A. Fitzgerald

Handberg, Roger B.

Howard, Katherine

Kehoe, Gregory W.

Landes, Samuel

Muench, James A.

Nelson, Reshay R.

Nick, Tiffany Cummins

Porcelli, The Honorable Anthony E.

Rhodes, David P.

Stamm, Douglas J.

Sullivan, David P.

Sweeney, Sara C.

*United States of America v. Reshay Nelson*

**CERTIFICATE OF INTERESTED PERSONS –** *Cont'd*

No publicly traded company or corporation has an interest in the outcome of this appeal.

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA

v.                                                    **Appeal No. 25-12510-EE**

RESHAY NELSON

_____/

## UNOPPOSED MOTION TO STAY BRIEFING SCHEDULE
## PENDING THE MANDATE IN
## *UNITED STATES v. GILBERT*, No. 20-12010

Defendant-Appellant Reshay Nelson, through undersigned counsel, respectfully requests that this Honorable Court stay the briefing schedule in this case pending the issuance of the mandate in *United States v. Gilbert*, No. 20-12010, which was argued before this Court on September 18, 2025. In support, Mr. Nelson states:

1.      Mr. Nelson was charged with, and pleaded guilty to, one count of possessing a firearm and ammunition as a convicted felon in violation of 18 U.S.C. § 922(g)(1). Doc. 1 at 1-2; Doc. 97.[1] The district court sentenced Mr. Nelson to 180 months in prison, the mandatory-minimum term under the Armed Career Criminal Act ("ACCA"). Doc. 105 at 24.

---

[1]      Mr. Nelson cites the docket entries in his district court proceedings as "Doc." and uses the page numbers in the CM/ECF header. He cites this Court's docket entries as "App. Doc."

2.     To sentence Mr. Nelson under ACCA, the district court relied on five Florida convictions:  three cocaine convictions, one methamphetamine conviction, and one resisting-with-violence conviction.  *Id.*; Doc. 86 (PSR) at ¶ 23.[2]  Among other objections, Mr. Nelson argued below that the Florida cocaine convictions are not ACCA "serious drug offense[s]" because Florida controls "[c]ocaine or ecgonine, including <u>any of their stereoisomers</u>," whereas the federal government controls only "cocaine, its salts, <u>optical and geometric isomers</u>, and salts of isomers." Doc. 86 (PSR) at pp. 91-92 (quoting Fla. Stat. § 893.03(2)(a)(4) and 21 U.S.C. § 812).  The district court overruled this objection.  Doc. 105 at 14-17, 24.

3.     This is Mr. Nelson's direct appeal.  His brief is due on October 15, 2025.  App. Doc. 12.  Mr. Nelson is incarcerated.

4.     At issue in *Gilbert* is whether Florida cocaine offenses are overbroad, and thus not ACCA predicates, due to the statutory isomer differences.  The defendant in *Gilbert*, like Mr. Nelson, has argued that the federal Controlled Substances Act regulates "only 'optical and geometric' isomers of cocaine," whereas Florida regulates "'any . . . stereoisomers' of cocaine."  Brief of Appellant, *United States v. Gilbert*, No. 20-12010, 2021 WL 267771, at *23 (11th Cir. Jan. 22, 2021). The Court in *Gilbert* originally issued an unpublished decision concluding the

---

[2]     The PSR had also listed two cannabis convictions but the government agreed at sentencing that they are not ACCA predicates.  Doc. 86 (PSR) at ¶ 23; Doc. 105 at 17, 24.

defendant's arguments were foreclosed. It then agreed, following the filing of a petition for rehearing en banc, to stay *Gilbert* pending the decision in *United States v. McCobb*, No. 20-12263 (11th Cir.), which also raised the isomer-overbreadth issue and was orally argued before a panel of this Court in January 2022. After *McCobb* was decided on other grounds based on *Erlinger v. United States*, 602 U.S. 821 (2024), this Court vacated its original, unpublished decision in *Gilbert* and heard oral argument on September 18, 2025. *See* App. Docs. 41-59, 80-81, *United States v. Gilbert*, No. 20-12010 (11th Cir.).

5. The isomer-overbreadth issue thus remains pending as an important question before this Court. Because Mr. Nelson would not qualify for ACCA without the Florida cocaine convictions, *see* p. 2, *supra*, staying this appeal pending this Court's resolution of *Gilbert* would serve the interests of justice and judicial efficiency. Mr. Nelson accordingly requests that his appeal be stayed pending the mandate in *Gilbert*. *See, e.g.*, App. Doc. 20, *United States v. Williams*, No. 25-10007 (11th Cir.) (staying briefing schedule pending the mandate in *Gilbert*); App. Doc. 49, *United States v. Pasquazzi*, No. 23-12994 (11th Cir.) (staying proceedings on petition for rehearing en banc pending the mandate in *Gilbert*).

6. Assistant United States Attorney Tiffany Cummins Nick advised that the government does not oppose the requested stay.

3

WHEREFORE, Mr. Nelson respectfully requests that this Honorable Court stay the briefing schedule in this appeal pending the issuance of the mandate in *United States v. Gilbert*, No. 20-12010.

Respectfully submitted,

A. Fitzgerald Hall, Esq.
Acting Federal Defender

*/s/ M. Allison Guagliardo*
M. Allison Guagliardo, Esq.
Florida Bar No. 0800031
Assistant Federal Defender
400 N. Tampa St., Ste 2700
Tampa, Florida 33602
Telephone: (813) 228-2715
E-Mail: allison_guagliardo@fd.org
Counsel for Appellant

## CERTIFICATE OF COMPLIANCE

This motion contains 651 countable words.

**Certificate of Service**

I certify that on September 30, 2025, the foregoing was filed using this Court's Electronic Case Filing system, which will serve notice of the filing by electronic mail on the U.S. Attorney's Office.


*/s/ M. Allison Guagliardo*
M. Allison Guagliardo, Esq.
Counsel for Appellant